# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES EDWARD BLANCK,**

        **Plaintiff,**

**-vs-**                                                          **Case No. 6:11-cv-293-Orl-28KRS**

**CITY OF ALTAMONTE SPRINGS, CITY OF LONGWOOD, KEVIN ACOSTA, in his individual and official capacity, JAMES WOLFE, in his individual and official capacity, JUSTIN LEMIEUX, in his individual and official capacity, CARL RENTFRO, in his individual and official capacity, MICHELLE CHAPMAN, DANIEL SMITH, ALAN WILLIAMS, SHARON WILLIAMS, MARY MICHEL, and LUIS GONZALEZ,**

        **Defendants.**

_____

# ORDER

This cause is before the Court on the motions to dismiss (Docs. 18, 19, 23, 26, 27, 53, 56) filed by Defendants Alan Williams, Sharon Williams, Luis Gonzalez, Mary Michel, City of Longwood, Carl Renfro, City of Altamonte Springs, Kevin Acosta, Michelle Chapman, and Justin Lemieux. Plaintiff James Edward Blanck ("Plaintiff") has filed responses thereto (Docs. 59, 60, 61, 62, 63, 66, 69), and these motions are now ripe. As discussed below, Defendants' motions to dismiss for failure to state a claim must be granted.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### II. Analysis

Plaintiff owned and operated a jewelry store in Seminole County, Florida. (Am. Compl., Doc. 6, ¶ 2). Between February 19, 2007 and April 5, 2007, Defendants Michelle Chapman, Daniel Smith, Alan Williams, Sharon Williams, Mary Michel, and Luis Gonzalez contacted either the Altamonte Springs Police Department or the Longwood Police Department alleging that Plaintiff had deprived them of jewelry or funds in amounts ranging from $300 to $100,000. (Id. ¶¶ 18, 24, 28, 33, 37). In each instance, criminal charges were filed and these Defendants cooperated with the State Attorney's Office in prosecutions of Plaintiff for grand theft. (Id. ¶¶ 18-19, 24-25, 28, 31, 33, 37-38). Following a jury trial in the cases involving Michelle Chapman and Alan and Sharon Williams, the Court entered a

Judgment of Acquittal. (Id. ¶¶ 21, 32). A Nolle Prosequi was filed in the cases involving Daniel Smith, Mary Michel, and Luis Gonzalez. (Id. ¶¶ 27, 36, 41).

However, in none of the cases was it determined that Plaintiff did not take the jewelry or funds as alleged, and Plaintiff does not now assert that he did not take the jewelry and funds. Rather, at least one court determined that whether Plaintiff deprived these individuals of their funds and jewelry was a civil matter involving breach of contract as opposed to a criminal matter. (Id. ¶¶ 22-23). Defendants Alan and Sharon Williams brought a civil suit against Plaintiff based on the same jewelry transaction that was at issue in the criminal case. (id. ¶ 73-74), and Plaintiff defaulted in the civil case, (id. ¶ 76).

Plaintiff's Amended Complaint is a shotgun pleading that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Despite Plaintiff's convoluted pleading, however, it is clear that he fails to state a claim under any of his three counts.

A. Count I—§ 1983; Count II—Malicious Prosecution

Plaintiff's § 1983 claim (Count I), which is disjointed and difficult to understand, appears to allege claims of false arrest[1] and malicious prosecution in violation of the Fourth

---

[1] Although Plaintiff mentions both false arrest and false imprisonment in his § 1983 claim, under the alleged circumstances, these are the same causes of action. See Wallace v. Kato, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.").

and Fourteenth Amendments. In Count II, Plaintiff asserts a state-law malicious prosecution claim. The resolution of each of these claims hinges on the issue of probable cause. The reasonableness of an arrest "turns on the presence or absence of probable cause," Case v. Eslinger, 555 F.3d 1317, 1326 (11th Cir. 2009), and the existence of probable cause is an absolute bar to a § 1983 claim for false arrest, Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). Likewise, the absence of probable cause is also an essential element of malicious prosecution under both the Fourteenth Amendment and Florida law. Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003); Burns v. GCC Beverages, Inc., 502 So. 2d 1217, 1218 (Fla. 1986).

"[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983), and it "does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." Case, 555 F.3d at 1327 (quotation omitted). The level of proof necessary to establish probable cause is significantly less than that which is needed to obtain a conviction, and the fact that "a defendant is subsequently acquitted or charges are dropped against the defendant" does not by itself mean that probable cause was initially lacking. Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990). Probable cause exists when a police officer has facts and circumstances within his knowledge "sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992). "Probable cause determinations traditionally have been guided by reviewing the totality of the circumstances." Id.

From the facts alleged in the Amended Complaint, it is apparent that probable cause existed to arrest and prosecute Plaintiff, and therefore Plaintiff fails to state a claim for false arrest or malicious prosecution.  As alleged by Plaintiff, his arrests and prosecutions for grand theft occurred after individuals contacted the police complaining that Plaintiff had deprived them of significant funds or jewelry with amounts ranging from $300 to $100,000, (Am. Compl. ¶¶ 18, 24, 28, 33, 37), following which a police investigation occurred, (id. ¶¶ 19, 40), an arrest warrant was issued, (id. ¶ 25), or an officer informed Plaintiff's counsel that he had probable cause for Plaintiff's arrest and prosecution for grand theft, (id. ¶¶ 29, 34).  Additionally, in all but one instance, the State Attorney's Office filed an information charging Plaintiff with grand theft,[2] (Am. Compl. ¶¶ 20, 26, 31, 38), which, although not in itself a substitute for a finding of probable cause, is a consideration in the totality of the circumstances.  In addition to the informations filed by the State Attorney's Office, the multiple police investigations conducted by different officers and consistent complaints to the police from individuals alleging they were deprived of their property by Plaintiff constitute circumstances that are "sufficient to warrant a reasonable belief that [Plaintiff] had committed . . . a crime."  Gonzalez, 969 F.2d at 1002.  The totality of the circumstances establishes probable cause to arrest and prosecute Plaintiff for grand theft.  Accordingly, Plaintiff's false arrest and malicious prosecution claims fail.

---

[2] In all cases, Plaintiff was charged with grand theft; however, it is not clear from the Amended Complaint whether an information was filed in the case based on Michel's allegations.  (See Am. Compl. ¶¶ 33-36).

### B. Count III Abuse of Process

In Count III, Plaintiff alleges a claim of abuse of process against Defendants Alan and Sharon Williams. The crux of Plaintiff's claim is that the Williamses improperly "pressed charges" against Plaintiff while contemporaneously filing a civil suit against Plaintiff in order to "exact a civil remedy." (Am. Compl. ¶¶ 74, 76-78). Plaintiffs allegations fail to state a claim for abuse of process.

"A cause of action for abuse of process requires proof that: (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of [the] defendant's action." Thomson McKinnon Sec., Inc. v. Light, 534 So. 2d 757, 760 (Fla. 3d DCA 1988). "[S]uch an action involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. . . . There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 3d DCA 1989). Moreover, if there is "a reasonable basis in law and fact to initiate the judicial proceedings, then these processes [are] justified even though they may have served some other collateral purpose." Id. at 752. Merely participating in a criminal prosecution and filing a civil claim based on the same facts is not abuse of process. See Thomson, 534 So. 2d at 759-60 (finding no abuse of process where the defendants were simultaneously involved in the prosecution of criminal charges and the filing of a civil claim).

Plaintiff's abuse of process claim fails because Plaintiff does not allege facts that would support a finding of illegal, improper, or perverted use of process, and merely labeling the Williamses' actions as such, (Am. Compl. ¶ 76), is simply "a formulaic recitation" of an element of abuse of process that "'will not do.'" Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). As alleged in the Amended Complaint, the Williamses contacted the police and reported that Plaintiff "depriv[ed] them of jewelry and funds in the approximate value of between $20,000.00 and $100,000.00" and the Williamses then "assisted" the State Attorney's Office with Plaintiff's prosecution for grand theft. (Am. Compl. ¶ 74). The State Attorney's Office–not the Williamses–filed the information charging Plaintiff with grand theft. Furthermore, even if the Williamses did have an ulterior motive of making it more difficult for Plaintiff to respond to their civil suit, they still used the process of reporting a perceived crime and assisting in its prosecution "to accomplish the result for which it was created." Scozari, 546 So. 2d at 751.

Moreover, Plaintiff fails to allege that the Williamses' actions caused him injury. In order to show that the Williamses' actions injured him, Plaintiff must show that Defendants' actions compelled him "to do some collateral thing he could not legally be compelled to do." Miami Herald Publ'g Co. v. Ferre, 636 F. Supp. 970, 975 (S.D. Fla. 1985) (quoting McMurray v. U Haul Co., Inc., 425 So. 2d 1208, 1209 n.1 (Fla. 4th DCA 1985)). The only "injury" alleged by Plaintiff is the default judgment entered against him in the civil suit filed by the Williamses. Plaintiff alleges that the Williamses "were aware it was highly unlikely that [Plaintiff] would participate in discovery and defend the civil lawsuit" while the criminal charges were pending against him and that therefore, somehow, the criminal charges

caused his default. (Am. Compl. ¶ 77). However, the Williamses' action in no way precluded Plaintiff from participating in the civil case, nor did it compel Plaintiff to default on the civil claims filed against him. Plaintiff has thus failed to state a claim for abuse of process "that is plausible on its face,'" Twombly, 550 U.S. at 570, and Plaintiff's abuse of process claim fails.

### C. *Sua Sponte* Dismissal of Claims

Defendants Luis Gonzalez and Mary Michel move to dismiss Plaintiff's claims for lack of subject matter jurisdiction (Doc. 19)–arguing that this Court should decline to exercise supplemental jurisdiction over the state law claims against them–but have not filed a motion seeking dismissal for failure to state a claim. Additionally, Defendants James Wolfe and Daniel Smith have not filed motions to dismiss. However, the arguments raised in the other Defendants' motions to dismiss for failure to state a claim encompass the allegations against Gonzalez, Michel, Wolfe, and Smith. Plaintiff was put on notice of those arguments and was given an opportunity to respond; therefore, the Court can exercise its inherent power to dismiss the claims against Gonzalez, Michel, Wolfe, and Smith. See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983) ("[C]ourts may exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond."). Accordingly, the analysis provided herein applies to the claims against Gonzalez, Michel, Wolfe, and Smith.

### III. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that Defendants' motions to dismiss (Docs. 18, 23, 26, 27, 53, 56) are **GRANTED with prejudice** insofar as they seek

dismissal of Plaintiff's Amended Complaint and are **DENIED as moot** insofar as they seek a more definite statement.  Defendants Luis Gonzalez and Mary Michel's Motion to Dismiss for Lack of Jurisdiction (Doc. 19) is **DENIED as moot**.  All Counts are **DISMISSED with prejudice** against all Defendants, and the Clerk is directed to enter judgment in favor of Defendants.  However, the Court reserves jurisdiction to address the Motion for Rule 11 Sanctions (Doc. 76).

  **DONE** and **ORDERED** in Chambers, Orlando, Florida this 11th day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party