**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JAMES EDWARD BLANCK,**

          **Plaintiff,**

**-vs-**                                                                **Case No. 6:11-cv-293-Orl-28KRS**

**CITY OF ALTAMONTE SPRINGS, CITY OF LONGWOOD, KEVIN ACOSTA, in his individual and official capacity, JAMES WOLFE, in his individual and official capacity, JUSTIN LEMIEUX, in his individual and official capacity, CARL RENTFRO, in his individual and official capacity, MICHELLE CHAPMAN, DANIEL SMITH, SHARON WILLIAMS, MARY MICHEL, LUIS GONZALEZ,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION AND MEMORANDUM FOR RULE 11 SANCTIONS (Doc. No. 76)**
>
> **FILED:**      July 8, 2011

**I.   PROCEDURAL HISTORY.**

In the amended complaint, Plaintiff James Edward Blanck alleged that he owned and operated a jewelry store in Seminole County, Florida. Defendants Mary Michel and Luis

Gonzalez both filed complaints with the Altamonte Springs Police Department asserting that they provided jewelry to Blanck for him to sell on their behalf and that Blanck failed to pay for the jewelry or return it to them.  As a result of those complaints, Blanck was arrested and prosecuted for grand theft.  The State's Attorney filed a nolle prosequi in the cases involving Michel and Gonzalez.  *See* Doc. No. 83 at 2-3.

Blanck filed the present case against the City of Altamonte Springs, the City of Longwood and individual police officers alleging that they violated his civil rights by causing his false arrest and prosecution in violation of the Fourth and Fourteenth Amendments.  *Id.* at 3. He also that Michel, Gonzalez and others who filed complaints with police departments and assisted in Blanck's prosecution engaged in malicious prosecution in violation of Florida law.  *Id.* at 4.  This Court dismissed these claims, finding that it was apparent from the allegations in the amended complaint that probable cause existed to support Blanck's arrest and prosecution.  *Id.* at 5, 8.  The Clerk of Court entered judgment in favor of each Defendant.  Doc. No. 84.

In the preset motion, Michel and Gonzalez seek sanctions against Blanck and his attorney pursuant to Fed. R. Civ. P. 11 because, they argue, there was no basis for filing the complaint against them.  Doc. No. 76.  Blanck, through his attorney, has responded to the motion.  Doc. Nos. 76, 87.

## II.     APPLICABLE LAW.

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones*

*v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (citations omitted). In assessing a Rule 11 motion, the Court first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. *Id*. (citation omitted).

### III. ANALYSIS.

Blanck brought suit for malicious prosecution against both Michel and Gonzalez based on his allegation that they were the legal cause that some of the criminal proceedings were brought against him. Defendants argue that Blanck's clam of malicious prosecution was frivolous because Blanck could not establish each element for a malicious prosecution cause of action and, therefore, neither he nor his attorney had a reasonable factual basis for the claim of malicious prosecution.

To assess whether the filing was frivolous, the Court must examine the elements of a malicious prosecution claim. In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Alamo Rent-A-Car v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994) (citations omitted). There is no dispute that a basis existed to support elements (1) and (6). Therefore, the Court will examine the factual support for the remaining elements.

Defendants assert that, under Florida law, they could not be liable for malicious prosecution because they simply provided a truthful statement of facts to law enforcement and left the decision to prosecute the claim in the hands of authorities.  Blanck agrees with this summary of Florida law, citing *Burger v. Time Ins. Co., Inc*., 162 F.3d 1111, 1112 (11th Cir. 1999).

Blanck argues, however, that Michel and Gonzalez did not merely provide facts to law enforcement.  Rather, he contends, they expressed their desire to have Blanck criminally prosecuted.  Michel indicated in her sworn statement to police that she wanted "to assist the State Attorney to press charges."  Doc. No. 87-1.  Gonzalez signed a Declaration of Prosecution which indicated that he would press charges and authorize the prosecution of anyone involved in the theft.  Doc. No. 87-2.  Blanck argues that these requests for prosecution are sufficient to find Michel and Gonzalez were the legal cause of Blanck's prosecution, citing *Maiborne v. Kuntz,* 56 So.2d 720 (Fla. 1952).

In *Maiborne*, the Supreme Court of Florida determined that when one party provided the information police used to obtain an arrest warrant, told the police to arrest the alleged criminal that night and told the police he wanted immediate action, there was a sufficient factual basis for a jury to find that the party had caused the prosecution of the alleged criminal.  *Id*. at 722.   Under this case, and the sworn statements provided by Michel and Gonzalez to law enforcement requesting Blanck's prosecution, there was a reasonable factual basis for Blanck to have alleged that Michel and Gonzalez were the cause of his prosecution.

Defendants also assert that Blanck did not have a basis to bring the malicious prosecution claim because he had no reasonable basis to believe that there was probable cause for his arrest, citing *Burns v. GCC Beverages, Inc*., 502 So.2d 1217, 1219 (Fla. 1986).   Blanck argues that

Michel and Gonzalez sought to criminalize his conduct which he characterized as "merely owing debts as the result of civil transactions." Doc. No. 87 at 2.  The fact that a criminal prosecution had as its purpose the collection, by coercion, of a civil debt, is evidence of a lack of probable cause, lack of good faith and malice.  *Glass v. Parrish*, 51 So.2d 717, 719 (Fla. 1951).  In at least one similar case brought against Blanck, Blanck alleges that he was acquitted of the charge of theft after a jury trial.  The Florida trial court judge entered an order stating that Blanck's actions amounted to a failure to pay under a contract, which was a civil matter and that Blanck lacked the specific intent to commit theft at the time of or prior to the taking.  Doc. No. 6 ¶¶ 22, 23.  Accordingly, the similar civil nature of the parties' dealings here provided some evidence of a lack of probable cause.  Thus, there was a reasonable factual basis for Blanck's assertion that there was no probable cause for his arrest.  Under *Glass*, this is also some evidence of malice.[1]

Having some evidence to support each element of a malicious prosecution claim, it is not clear that Blanck's claims against Michel and Gonzalez were frivolous.

Nevertheless, Defendants argue that sanctions have been imposed in similar cases.  Defendants cite *McLaurin v. Werner*, 909 F. Supp. 447, 455 (S.D. Miss. 1995), where a brother filed suit against his sister, charging her with malicious prosecution of him for theft involving their deceased mother's property.  The Court found that sanctions against the brother were

---

[1] Blanck also argues that Gonzalez made misstatements of fact to the police investigators.  Doc. No. 87 at 3, 7-8.  False testimony can constitute evidence of malice.  *Maiborne*, 56 So.2d at 722.  The excerpt of Gonzalez's trial testimony submitted in support of this argument, Doc. No. 87-5, is insufficient to support the argument that Gonzalez made misstatements of fact to police investigators because the excerpt does not contain the full context of the examination or the exhibits referred to during the examination.

appropriate where the brother failed to answer admissions, and the deemed answers negated a lack of probable cause or malice. The facts of that case distinguish it from the facts before this Court.

Defendants also cite *Coonts v. Potts*, 316 F.3d 745, 752 (8th Cir. 2003), where the United Court of Appeals for the Eighth Circuit held that sanctions were appropriate for a charge of malicious prosecution where the plaintiff failed to show any evidence of malice. However, as discussed above, here there is at least some evidence of malice.

Lastly, Defendants cite *Doe v. Maywood Housing Authority*, 71 F.3d 1294, 1299 (7th Cir. 1995), where the Court awarded Rule 11 sanctions against a party who filed a claim similar to a malicious prosecution claim. However, in that case, there was no judicial proceeding which terminated in favor of the party and Illinois law did not allow a suit for malicious prosecution based solely on the initiation of a lawsuit. *Doe* has no applicability to this case, where there was an actual judicial proceeding which terminated in Blanck's favor.

Thus, although Blank's claims for malicious prosecution failed, Blanck's actions were not wholly without any reasonable factual basis such that Rule 11 sanctions should be imposed against him.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Motion and Memorandum for Rule 11 Sanctions, Doc. No. 76, be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy